## John W. Dunsworth, Appellee, v. Chicago & Alton Railroad Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Greene county; the Hon. NORMAN L. JONES, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by John W. Dunsworth, plaintiff, against the Chicago & Alton Railroad Company, defendant, to recover for failure of defendant to deliver certain cattle shipped by plaintiff from Carrollton, Greene county, Illinois, to East St. Louis, and there reshipped to Van Norman, Lawler & Company, commission merchants, at the Union Stockyards, Chicago, over defendant's railroad. From a judgment for plaintiff for $4,140, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

T. I. McKnight, for appellant; Silas H. Strawn, of counsel.

Whiteside & Wright, for appellee.

Mr. Justice Graves delivered the opinion of the court.

## Abstract of the Decision.

1. Carriers, § 4*—*when connecting railroad and transfer company are common carriers.* Where the defendant railroad received certain live stock for shipment from a point outside of Chicago to a consignee at the Union Stockyards, Chicago, under an arrangement with another railroad for the cars of defendant to pass over the tracks of the other railroad from Western avenue, Chicago, to unloading chutes at the Union Stockyards at a certain price per car, defendant's trainman doing the actual work of conducting or transferring the cars from Western avenue to such chutes, and with the Union Stockyards & Transit Company for the unloading of such cars at such chutes and delivery to the consignee at a certain price per car, *held* that such other railroad and the Union Stockyards & Transit Company were common carriers connecting with defendant in such shipment.

2. Carriers, § 188*—*when connecting railroad and stockyards company are agents of initial carrier.* Where the defendant railroad received certain live stock for shipment from a point outside of Chicago to a consignee at the Union Stockyards, Chicago, under an arrangement with another railroad for such cars to pass over the tracks of the other railroad from Western avenue, Chicago, to unloading chutes at said yards at a certain price per car and with the Union Stockyards & Transit Company for unloading such cars at such chutes and delivering them to the consignee at a certain price per car, *held* that the other railroad and the Union Stockyards & Transit Company were defendant's agents for the transportation and delivery to the consignee of such cars, for whose acts, if negligently performed, defendant was liable to respond in damages.

3. Carriers, § 190*—*what is sufficient proof of knowledge of initial carrier of its duty to deliver stock to consignee.* The fact that the defendant railroad hired and paid the Union Stockyards & Transit Company to unload and deliver to the consignee certain

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Dunsworth v. Chicago & Alton R. Co., 205 Ill. App. 51.

live stock received for shipment by defendant, *held* to not only prove conclusively that said company was defendant's agent but to prove that defendant's own construction of its duty as a common carrier of live stock was that it was obliged to unload and deliver the same to the consignee, in an action to recover damages for failure of defendant to deliver such shipment.

4. CARRIERS, § 188*—*when duty of initial carrier of stock fully performed.* Where the defendant railroad received certain cars of cattle for shipment from a point outside of Chicago to a consignee at the Union Stockyards, Chicago, and defendant, in its regular course of business, transported such shipments by another railroad from Western avenue, Chicago, to unloading chutes at said yards at a certain price per car, paid by it to such other railroad and also paid the Union Stockyards & Transit Company a certain price per car for unloading and delivering such shipments, *held* that defendant's whole duty as a common carrier would not be performed until such shipment had been actually delivered to the consignee.

5. CARRIERS, § 199*—*when burden of proof on initial carrier to show lawful excuse for failure to deliver stock.* In an action to recover damages for failure of a common carrier to deliver a shipment of live stock, where the defendant's duty as initial carrier to deliver such shipment and its failure to deliver it to the consignee were established, *held*, that the defendant had the burden of showing a sufficient lawful excuse for such failure.

6. CARRIERS—*what is sufficient excuse for failure to deliver live stock.* The fact that a shipment of live stock came from a quarantined territory, *held* to constitute a justification for the refusal of the carrier transporting such shipment to unload and its failure to deliver same as required by its contract of carriage.

7. ANIMALS, § 4*—*what not sufficient grounds for destruction of property rights in stock coming from quarantined territory.* A mere rumor, the truth or falsity of which is easy of ascertainment, that a certain shipment of live stock came from quarantined territory, *held* not enough to justify the destruction of property rights without even an attempt to verify or disprove such rumor, in an action to recover damages for failure of the carrier to deliver such shipment under its contract of carriage.

8. CARRIERS, § 93*—*when evidence insufficient to show acceptance of shipment of live stock by shipper.* Evidence *held* insufficient to show plaintiff's agent had accepted a certain shipment of live stock, where such agent attempted to secure possession of such live stock but defendant refused to permit it to be unloaded and delivered, in an action by a shipper to recover damages for failure to deliver such shipment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.